IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| GARRETT DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-087 |
| | ) | |
| THE C.O.R.E. CIVIC; GEORGIA DEPT OF CORRECTIONS; THE UNINT MNGERS OF EACH MED DEPT OF COFFEE CORRECTIONAL FACILITY, DOOLY STATE PRISON, JOHNSON STATE PRISON; THE DIRECTORS OF MEDICAL DEPT OF COFFEE CORRECTIONAL FACILITY, DOOLY STATE PRISON, JOHNSON STATE PRISON; THE SUPERVISORS AND/OR DIRECTORS OVER BUSINESS OFFICE FINANCE DEPT OF EACH COFFEE CORRECTIONAL FACILITY, DOOLY STATE PRISON AND JOHNSON STATE PRISON; DR. LORI PEARSON; NATALIA TODD; TIFFANY WATLEY; WARDEN SAMSON; DEPUTY WARDEN HEAD OF CARE AND TREATMENT AT DOOLY STATE PRISON; and MS. STINSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

**O R D E R**

On August 28, 2025, the Court granted Plaintiff, an inmate at Dooly State Prison, permission to proceed *in forma pauperis* ("IFP") conditioned on his return of a Prisoner Trust

---

[1] The Court **DIRECTS** the **CLERK** to update Deputy Warden's title on the docket in accordance with the above caption to include Plaintiff's description "Head of Care and Treatment at Dooly State Prison," which is consistent with Plaintiff's amended complaint. (Doc. no. 6, p. 2.) The Court also **DIRECTS** the **CLERK** to add Ms. Stinson as a Defendant, as Plaintiff names her as a Defendant in his amended complaint. (Id. at 3.)

Fund Account Statement and Consent to Collection of Fees form. (See doc. no. 3, pp. 1-4.) After the Court received a notice of change of address from Plaintiff, the Court extended Plaintiff's time to return his IFP paperwork on October 20, 2025. (Doc. no. 5.) Plaintiff has returned his Consent to Collection of Fees form, (doc. no. 7), but states prison officials will not return the Trust Fund Account Statement he provided to them, (doc. no. 8, p. 4). Although he sent a copy of his account ledger, he did not send a Trust Fund Account Statement certified by a prison official. (See id.)

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002). Plaintiff shall have until January 5, 2026, to submit the required Prisoner Trust Fund Account Statement signed by an authorized prison official. Failure to return the required paperwork will be an election to have this case dismissed without prejudice.

To ensure that prison officials have received the Trust Fund Account Statement, the Court **DIRECTS** the **CLERK** to serve this Order on Plaintiff's custodian and to include a Prisoner Trust Fund Account Statement with that service copy. The Court is confident that prison officials will expeditiously fill out the form and return it to Plaintiff. Plaintiff must then return the Trust Fund Account Statement to the Court by no later than January 5, 2026.

SO ORDERED this 18th day of December, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA