IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GARRETT DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-087 |
| | ) | |
| THE C.O.R.E. CIVIC; GEORGIA DEPT OF | ) | |
| CORRECTIONS; THE UNINT MNGERS | ) | |
| OF EACH MED DEPT OF COFFEE | ) | |
| CORRECTIONAL FACILITY, DOOLY | ) | |
| STATE PRISON, JOHNSON STATE | ) | |
| PRISON; THE DIRECTORS OF MEDICAL | ) | |
| DEPT OF COFFEE CORRECTIONAL | ) | |
| FACILITY, DOOLY STATE PRISON, | ) | |
| JOHNSON STATE PRISON; THE | ) | |
| SUPERVISORS AND/OR DIRECTORS | ) | |
| OVER BUSINESS OFFICE FINANCE | ) | |
| DEPT OF EACH COFFEE | ) | |
| CORRECTIONAL FACILITY, DOOLY | ) | |
| STATE PRISON AND JOHNSON STATE | ) | |
| PRISON; DR. LORI PEARSON; NATALIA | ) | |
| TODD; TIFFANY WATLEY; WARDEN | ) | |
| SAMSON; DEPUTY WARDEN HEAD | ) | |
| OF CARE AND TREATMENT AT DOOLY | ) | |
| STATE PRISON; and MS. STINSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Wilcox State Prison in Abbeville, Georgia, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On April 17, 2026, the Court ordered Plaintiff to submit a second amended complaint within fourteen days because he failed to submit his first amended complaint on the

standard complaint form used by incarcerated litigants in the Southern District of Georgia, and thus he had not provided the Court with the information the Southern District requires. (Doc. no. 17.) The Court further identified other pleading deficiencies in Plaintiff's first amended complaint. (Id. at 2.) Additionally, although Plaintiff had not submitted a notice of change of address, the Court directed the Clerk of Court to serve its April 17th Order on Plaintiff at his current address, Wilcox State Prison, based on updated mailing information obtained in another one of Plaintiff's pending cases. (Id. at 4 (citing Davis v. Johnson State Prison, CV 325-066, doc. no. 26 (S.D. Ga. June 16, 2025).) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. The time to respond has passed, and Plaintiff has not submitted a second amended complaint as required by the Court's April 17th Order. Nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

2

Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file a second amended complaint, or even to provide the Court with an explanation for his failure to comply with the Court's April 17th Order amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff has been warned that failing to submit an amended complaint would be an election to have his case voluntarily dismissed. (See doc. no. 17, p. 4.) Because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3